The Honorable Nancy A. Kirk State Representative, 56th District 932 Frazier Topeka, Kansas 66606
Dear Representative Kirk:
You request our opinion concerning whether needle exchange programs operated by human service agencies violate Kansas drug paraphernalia laws or any other drug law.
K.S.A. 1997 Supp. 65-4153 prohibits any person from possessing with intent to deliver or causing to be delivered any drug paraphernalia under circumstances where one reasonably should know that it will be used to use, inject or otherwise introduce a controlled substance into the human body. Hypodermic needles are included within the definition of drug paraphernalia in K.S.A. 65-4150. There is no exemption for needle exchange programs in these statutes. What a person reasonably knows is a question of fact to be decided based on the circumstances of a particular situation. You do not provide any facts concerning specific needle exchange programs. However, if the people furnishing the needles reasonably know that the needles they are providing are to be used to introduce a controlled substance into the human body, it appears that the statutes cited above would prohibit a needle exchange program, unless another statute authorizes such a program and, thus, indirectly provides a potential affirmative defense to a criminal charge.
We could find no Kansas cases addressing the question of needle exchange programs. However, other states with drug laws similar to those in Kansas have considered this issue. The Supreme Court of Washington held that a district health department's needle exchange program was a valid public health measure, implementation of which would not subject health officials to criminal prosecution for unauthorized distribution of drug paraphernalia.[1] In overruling the opinion of the Washington State Attorney General that the distribution of hypodermic needles to intravenous drug users was forbidden by the Uniform Controlled Substances Act, the Court found that the needle exchange program was authorized under the Washington Constitution, statutes granting broad powers to local health officials, and the State's AIDS Act. The Court reasoned that the district health department derived it's powers from the State Constitution which enabled local officials to pass rules and regulations concerning the public health and to take measures necessary for the control and prevention of any dangerous, contagious or infectious disease. In addition, Washington statutes required local health officers to take necessary action to control and prevent the spread of infectious diseases. Following a long line of cases which construed public health laws liberally, the Court found that the public health laws prevailed over the State's Drug Paraphernalia Act.
While Kansas has public health laws that provide general powers to the Secretary of Health and Environment[2] as well as to local health officials,[3] Kansas laws differ from the Washington laws considered by the Court in Brockett. We know of no statutes or rules that address the establishment of needle exchange programs in Kansas. Even if current statutes are broad enough to authorize the implementation of needle exchange programs by public health officials, to our knowledge no officials have attempted to do so. Moreover, it is impossible to predict whether a Court would determine that our public health laws prevail over the prohibitions contained in the Kansas Drug Paraphernalia Act.
The State of New York has specifically permitted needle exchange programs through legislation allowing the New York State Commissioner of Health to authorize possession of hypodermic needles as an exception to the State's statute prohibiting possession of hypodermic needles without a prescription.[4] Prior to the Commissioner's adoption of regulations authorizing needle exchange programs, a New York Court accepted a justification defense to a charge of violating the needle possession prohibition.[5] The defendants were arrested for possessing clean needles which they intended to give to intravenous drug users. The Court found the defendants not guilty after determining their conduct fell within the standards of the necessity provision of the State's justification statute. The opposite conclusion was reached in Massachusetts where the Court rejected the justification by necessity defense for persons who were charged with violations of statutes restricting possession and distribution of hypodermic needles as a result of operating a needle exchange program.[6]
The justification by necessity defense, except as codified in statutes such as those relating to self-defense and compulsion, has not been expressly adopted in Kansas.[7] After a lengthy discussion of the application of the necessity defense in other jurisdictions, the Kansas Supreme Court declined to specifically determine whether the necessity defense should be recognized in Kansas, stating that "whether the necessity defense should be adopted or recognized in Kansas may best be left for another day."[8] The closest statute Kansas has to a necessity defense is the compulsion defense which states as follows:
 "(1) A person is not guilty of a crime other than murder or voluntary manslaughter by reason of conduct which he performs under the compulsion or threat of the imminent infliction of death or great bodily harm, if he reasonably believes that death or great bodily harm will be inflicted upon him or upon his spouse, parent, child, brother or sister if he does not perform such conduct.
 "(2) The defense provided by this section is not available to one who willfully or wantonly places himself in a situation in which it is probable that he will be subjected to compulsion or threat."[9]
The compulsion defense has been limited to situations where the person asserting the defense had no reasonable opportunity to escape the compulsion without committing the crime and where the compulsion was continuous.[10]
A different defense was raised unsuccessfully by defendants charged with violating drug paraphernalia laws as a result of a needle exchange program in New Jersey.[11] Defendants argued that their charges for violation of the drug paraphernalia statute should be dismissed pursuant to a state statute that permits dismissal if the judge finds that a defendant's conduct was too trivial to warrant conviction. In rejecting this argument, the Court reasoned that the defendants were engaged in facilitating illegal drug use which was contrary to the zero tolerance drug policy of the State which refused to treat as trivial the possession of even a minuscule amount of controlled substance.
In conclusion, Kansas public health laws differ from those relied on by the Washington Supreme Court in Brockett. Additionally, unlike New York, the Kansas Legislature has not passed a statutory exception to the drug paraphernalia prohibition to authorize distribution of hypodermic needles for needle exchange programs. Finally, Kansas Appellate Courts have not approved a justification by necessity defense beyond those which are statutorily specified. Based on these considerations, it is our opinion that a person who distributes hypodermic needles in a needle exchange program with reasonable knowledge that the needles will be used to inject a controlled substance into the human body, risks violating K.S.A. 1997 Supp. 65-4153.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Donna M. Voth Assistant Attorney General
CJS:JLM:DMV:jm
[1] Spokane County Health Dist. v. Brockett, 839 P.2d 324 (Wash. 1992).
[2] See K.S.A. 65-6003.
[3] See K.S.A. 65-202 and 65-301.
[4] See People v. Monroe, 593 N.Y.S.2d 742 (N.Y. City Crim. Ct. 1992).
[5] People v. Bordowitz, 588 N.Y.S.2d 507 (N.Y. City Crim. Ct. 1991).
[6] Commonwealth v. Leno, 616 N.E.2d 453 (Mass. 1993).
[7] City of Wichita v. Tilson, 253 Kan. 285 (1993).
[8] Tilson at 291.
[9] K.S.A. 21-3209.
[10] State v. Riedl, 15 Kan. App. 2d 326, ¶ 2 (1991).
[11] State v. Sorge, 591 A.2d 1382 (N.J.Super.L. 1991).